1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRAD L. HOYT and JACQUELINE L. HOYT, husband and wife, d/b/a NORTHWEST SERVICES,<br><br>Plaintiffs,<br><br>v.<br><br>KING EQUIPMENT SERVICES, INC., an Illinois corporation; and R.L. BENTLEY ENTERPRISES, INC., a Florida corporation, d/b/a GULF VIEW MEDICAL SYSTEMS,<br><br>Defendants. | CASE NO. C10-2057RSM<br><br>ORDER ON MOTION TO SEAL |

    This matter is before the Court for consideration of plaintiffs' motion to seal. Dkt. # 14. Plaintiffs have asked to seal their motion for default judgment and all attached supporting documents. Dkt. # 15. For the reasons set forth below, the motion shall be granted in part and denied in part.

    There is a strong presumption of public access to the Court's files. Local Rule LCR 5(g). Documents may be sealed only when compelling reasons for doing so outweigh the public's right of access to court records. *EEOC v. Erection Co.*, 900 F. 2d 168, 170 (9th Cir. 1990); *Kamakana v. City and County of Honolulu*, 447 F. 3d 1172, 1178 (9th Cir. 2006). A party must minimize the number of documents it files under seal and the length of each such document. Local Rule LCR 5(g)(4). Only in rare circumstances may a party file a motion, response, or reply under seal. Local Rule LCR 5(g)(5). When a party cannot avoid doing so, a particular procedure must be followed in filing the motion,

ORDER - 1

opposition, or reply. *Id*.  A motion to seal a document must include both a certification that the parties have conferred in good faith to reach agreement on the need to file under seal, and a "[s]pecific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations when necessary."  Local Rule LCR 5(g)(3)(A), (B).  In this case, where the opposing party has not appeared and is in default, the Court will excuse the meet and confer requirement, but all other requirements still apply.

To obtain a court order sealing documents attached in support of a non-dispositive motion, the moving party must make a particularized showing under the "good cause" standard of F.R.Civ.P. 26(c).  *See, Kamakana v. City and County of Honolulu*, 447 F. 3d 1172, 1179 (9th Cir. 2006).  To obtain a court order sealing documents attached to a summary judgment or other dispositive motion, the party must meet a "compelling reasons" standard rather than the lesser "good cause" standard.  *Id*. at 1177-79; *Foltz v. State Farm Mutual Automobile Insurance Co*., 331 F. 3d 1122, 1136 (9th Cir. 2003).   The motion for default is a dispositive motion and the documents will be viewed accordingly.

The Court, upon review of the motion for default judgment and the attached documents, finds that only the medical records filed at Exhibits E and F meet the requirements for filing under seal.  Plaintiffs have not provided compelling reasons for sealing the motion itself, nor the proofs of service and photographs of the incident site.   Accordingly the motion is GRANTED IN PART and DENIED IN PART.   The Clerk shall **UNSEAL** plaintiffs' motion for default judgment (Dkt. # 15) and Exhibits A, B, C, and D (Dkt. ## 15-1, 15-2, 15-3, 15-4) and the proposed Order (Dkt. # 15-7).  The Clerk shall **MAINTAIN UNDER SEAL** plaintiff's medical records filed at Exhibits E and F (Dkt. ## 15-5 and 15-6).

DATED April 16, 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 2