UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRAD L. HOYT and JACQUELINE L. HOYT, husband and wife, d/b/a NORTHWEST SERVICES,<br><br>Plaintiffs,<br><br>v.<br><br>KING EQUIPMENT SERVICES, INC., an Illinois corporation; and R.L. BENTLEY ENTERPRISES, INC., a Florida corporation, d/b/a GULF VIEW MEDICAL SYSTEMS,<br><br>Defendants. | CASE NO. C10-2057RSM<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MOTION FOR DEFAULT JUDGMENT |

Plaintiffs Brad Hoyt and Jacqueline Hoyt, husband and wife, filed a complaint for damages arising from an injury which Mr. Hoyt incurred while inspecting a trailer for its suitability to be used as a mobile MRI breast imaging unit. Complaint, Dkt. # 1. The trailer had been purchased by Overlake Breast Imaging, not a party to this suit, from defendant R.L. Bentley Enterprises, Inc., d/b/a Gulf View Medical Systems. *Id.*, ¶ 2.1. Mr. Hoyt was injured by a 480 volt arc in the forward compartment of the trailer. *Id.*, ¶ 2.2. Subsequent investigation revealed that an uncapped 480 volt line had been left live in the compartment and its wiring had not been pulled. *Id.*, ¶ 2.3.

ORDER - 1

1     The complaint asserts that "[a]s a direct and proximate cause of the negligence of the defendants
2 herein, plaintiff has sustained pain and suffering, medical and other expenses, and lost wages and loss of
3 earning capacity in an amount to be proven at the trial." *Id.* ¶ 2.6.  As a basis for damages, the
4 complaint asserts that "plaintiff was injured and has suffered economic loss, and other general and
5 special damages which will be proven at trial." *Id.*, ¶ 3.1.  The damages section further asserts that

> [a]s a direct and proximate result of the defendants' reckless, callous and negligent and/or intentional conduct, plaintiff suffered extreme emotional distress, mental suffering and anguish which has continued to the present and will continue for an indefinite time into the future.

*Id.*, ¶ 3.2.  The prayer for relief concludes,

> Wherefore, plaintiffs, Brad L. Hoyt and Jacqueline L. Hoyt, pray for judgment against the defendants, jointly and severally, for such sums as may be shown to be incurred for medical physical therapy expenses; drugs and other necessary expenses; lost earnings in the past, present and future; loss of earning capacity; general damages; together with costs, attorneys fees and such further relief as this court may deem just and proper.

*Id.*, Section IV.

       Defendants did not respond to the complaint and default was entered as to both defendants on June 15, 2011.  Dkt. # 7.  Plaintiffs filed a motion for default judgment on February 1, 2013.  Dkt. # 15. The motion requested a judgment in the amount of $3,204,864.17 for Mr. Hoyt, $750,000 for Mrs. Hoyt, and $2,646.95 in costs and attorneys' fees.  Mr. Hoyt's requested damages comprise medical expenses of $21,864.17, loss to business of $1,183,000, and general damages of $2,000,000.

       Rule 54(c) provides that a Court may award damages only in the type and amount prayed for in the complaint.  "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed.R.Civ.P. 54(c).  The Court found that the complaint does not allege any injury to Mrs. Hoyt, nor request any damage, and disallowed any claim for damages on her behalf. Order Setting Evidentiary hearing, Dkt. # 19.  As to Mr. Hoyt's claim for $3,204,864.17, because the amount prayed for in the complaint is not a sum certain, the Court held an evidentiary hearing to determine the proper amount of damages.  Fed.R.Civ.P. 55(b)(2)(B), (C).

       The hearing was held on April 29, 2013.  The Court heard testimony from Mr. Hoyt, Mrs. Hoyt, and their son Brandon Hoyt.  From this testimony the Court finds the following facts:

ORDER - 2

(1) Plaintiff Brad Hoyt was age 53 on the date of the hearing. He is self-employed in the field of repair and maintenance of semi-trailers, tractors, and mobile medical units. He does business under the name Northwest Services, a business he started in 1992. He planned to work until age 65.

(2) Plaintiff Jacqueline Hoyt and son Brandon Hoyt both worked in the business and continue to do so. Mrs. Hoyt was the bookkeeper until the date of Mr. Hoyt's injury, but now her mother does the bookkeeping so Mrs. Hoyt is free to assist her husband. Brandon Hoyt worked in the repair end of the business and continues to do so.

(3) In 2008-2009 the business was producing $250,000 to $500,000 a year in gross income.

(4) On February 10, 2010 Mr. Hoyt was injured in the course of a pre-repair inspection of a mobile medical unit. He was searching for the generator that would power the cooling system for the MRI magnet, and was hit by the arc from a 480-volt exposed wire. The electric shock threw him backwards and caused painful burns to his eyes.

(5) The mobile medical unit was parked close to Overlake Hospital, but an ambulance arrived to take Mr. Hoyt to the emergency room, where he was treated and released. His son Brandon assisted him.  (6) Plaintiff consulted his eye doctor who told him that there was some damage to his eyes but they would heal. Nevertheless, plaintiff testified that the pain in his eyes was so severe that on several occasions his wife had to drive him to the eye doctor in the middle of the night to get drops that would ease the pain so he could sleep.

(7) The eye pain eventually subsided but other health issues cropped up—mouth sores, tinnitus, irritability, and difficulties staying focused on tasks. Plaintiff did not testify to any time frame for the eye pain or the onset of other health issues.

(8) Mr. Hoyt testified that he lost the ability to multi-task and easily became confused. Worry about maintaining his business caused depression. He saw a neurologist who explained that the arcing explosion had caused a concussion, but that he should improve, which gave him hope. He still suffers from depression and to address this he takes prescription medication.

(9) After the accident, Mr. Hoyt was not able to work as hard in his business as he did formerly, and had difficulty keeping his two employees busy. An opportunity was presented to bid a contract to

ORDER - 3

take care of the Columbia Distributors truck fleet (a liquor distributor).  He described this as his "dream job."  But he realized that his company could not do all the work so he proposed an arrangement to split the work with another company, with Northwest maintaining the trailers and lift-gates, and the other company maintaining the tractors. Columbia Distributors did not call him back.

(10)  Plaintiff estimated that his business could have grossed $800,000 or $900,000 a year with Columbia Distributors, but he did not explain how he arrived at that figure.  He stated that he would have had to hire more mechanics and buy more trucks, but did not estimate the net profit from the increased business.

(11) Mr. Hoyt stated that his business has remained at the same level that it was before his injury, whereas previously it increased every year.

(12) Mr. Hoyt further testified that he has lost interest in his hobbies such as slot car racing, and four-wheeling, and mostly stays home with his wife.  He stated that because of his lack of focus he can no longer take on night work, answering emergency calls in the middle of the night.  He previously relied on this night work to support his hobbies. He is still president of his Jeep club but he does not go on all the runs as it is too difficult for him.

(13) Jacqueline Hoyt testified that prior to the injury, she did all the bookkeeping for the business and managed the paperwork.  After the injury she needed to go with Mr. Hoyt to work to help him focus and stay calm.

(14) Mrs. Hoyt testified that her husband has improved, but has migraines every day. Mr. Hoyt did not mention migraines or headaches in his testimony and this statement by Mrs. Hoyt must be disregarded as hearsay. The medical records document that Mr. Hoyt has a history of migraines that preceded the accident. The records also indicate that since late 2011 the headaches have much improved with medication.

(15) Mrs. Hoyt further testified that Mr. Hoyt becomes very frustrated when he tries to work on his Jeep or participate in his hobbies.  He now wants his wife to be with him all the time to drive him and take care of him.

(16) Mrs. Hoyt stated that the business was grossing $250,000 to $500,000 a year in 2009 to

ORDER - 4

1  2010 and this has not changed.

2  (17) Brandon Hoyt, who has been working at Northwest Services with his father for six years, testified that after the accident his father was a different man. He would have to turn off his phone to concentrate on a work task at hand because he could not multitask. Shutting off the phone meant that he would miss business calls and possibly an opportunity to set up work for the following day.

(18) Finally, Brandon testified that he had observed that the changes in his father had put a lot of stress on his parents' marriage.

From these facts, the Court makes the following conclusions:

(1) Where a defendant has failed to respond to the complaint, the Court presumes the well-pleaded factual allegations relating to liability are true. *Geddes v. United Financial Group*, 559 F. 2d 557, 560 (9th Cir. 1977). However, the Court may not presume that factual allegations relating to the amount of damages are true. *Id*. at 560. The plaintiff "still must prove that the compensation sought relates to the damages that naturally flow from the injuries pled." *Wu v. Ip*, 1995 wl 428342 AT *1 (N.D.Cal. 1996) (Citing *Greyhound Exhibitgroup, Inc., v. E.L.U.L. Reality* Corp., 973 F. 2d 155, 159 (2d Cir. 1992). Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may conduct hearings to determine the amount of damages "to enter or effectuate judgment." Fed.R.Civ.P. 55(b)(2)(B).

(2) Mr. Hoyt, Mrs. Hoyt and Brandon Hoyt were all highly credible witnesses.

(3) Plaintiffs submitted evidence with their motion for default that Mr. Hoyt incurred medical expenses for treatment of his condition in the amount of $21,864.17. The Court will enter judgment in that amount for medical expenses.

(4) Both Mr. and Mrs. Hoyt testified that the business is grossing the same amount now as it was before Mr. Hoyt's accident. Although Mr. Hoyt testified that the gross income had been increasing every year, he did not testify to the magnitude of that increase. His testimony about the lost opportunity with Columbia Distributors was speculative as to whether he would otherwise have obtained the account and how much he would have made. Because the Hoyts have not proven any amount of business loss, the Court will not award any amount for loss of business.

(5) Mr. Hoyt testified to damages for pain and suffering in the amount of $350,000 and the Court

ORDER - 5

1  will enter judgment for that amount.

2  (6) Mr. Hoyt's testified to damages for loss of enjoyment of life in the amount of $250,000 and
3  the Court will enter judgment for that amount.

4  (7) Plaintiffs have requested fees and costs in the amount of $2,646.95 but have not presented
5  evidence to substantiate this amount, particularly as to expert witness fees.  No costs shall be included in
6  the judgment, but plaintiffs may submit a bill of costs to the Clerk following entry of judgment.
7  Fed.R.Civ.P. 54(d)(1).

## CONCLUSION

9  Plaintiffs' motion for default judgment is GRANTED IN PART.  The Clerk shall enter judgment
10 in favor of plaintiffs in the amount of **$621,864.17**.

12  Dated this 23rd day of May 2013.

  RICARDO S. MARTINEZ
  UNITED STATES DISTRICT JUDGE

28  ORDER - 6